# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


BILLY REYNOLDS,

                              Petitioner,

           v.                                    CASE NO. 18-3091-SAC

KRISTI MILLER,

                              Respondent.


## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

In March 2010, petitioner was convicted in the District Court of Sedgwick County, Kansas, on his guilty plea to four counts of aggravated indecent liberties with a child. Following his sentencing in June 2010, petitioner filed a Notice of Appeal, and then a motion to withdraw his guilty plea. The Notice of Appeal was dismissed, and after the motion was denied by the trial court in February 2012, petitioner filed a second Notice of Appeal.[1] The Kansas Court of Appeals affirmed the denial of the motion to withdraw on October 25, 2013, and the Kansas Supreme Court denied review on August 14, 2014. *State v. Reynolds*, 311 P.3d 1167 (Table), 2013 WL 5870037 (Kan. App. Oct. 25, 2013).

On December 9, 2015, petitioner filed a motion to set aside the

---

[1] In constructing this timeline, the Court has examined on-line records in petitioner's criminal case, Sedgwick County Case No. 09cr130, maintained by the Kansas judicial system. *See* www.kansas.gov/countyCourts/search/records.

conviction. The motion was denied in February 2016, and petitioner filed a Notice of Appeal. The Kansas Court of Appeals affirmed the denial of relief. *State v. Reynolds*, 404 P.3d 355 (Table), 2017 WL 4453229 (Kan. App. Oct. 6, 2017). Petitioner did not seek review by the Kansas Supreme Court.

Petitioner filed this petition on April 12, 2018.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This limitation period generally runs from the date the judgment of conviction becomes "final", as provided by 28 U.S.C. §2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "Direct review" of a conviction does not end until the

availability of direct appeal in the state courts and request for

review in the United States Supreme Court have been exhausted. *Jimenez*

*v. Quarterman*, 555 U.S. 113, 119 (2009). Under the Rules of the U.S.

Supreme Court, a party has ninety days following the conclusion of

direct appeal to seek review in the Supreme Court. U.S. S. Ct. Rule

13.1. Where a prisoner fails to seek review in the Supreme Court, the

limitation period begins to run when the ninety-day period for seeking

review expires. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir.

2003).

> The habeas statute also contains a tolling provision:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

> 28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to

equitable tolling in "rare and exceptional circumstances." *Gibson v.*

*Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted).

This remedy is available only "when an inmate diligently pursues his

claims and demonstrates that the failure to timely file was caused

by extraordinary circumstances beyond his control." *Marsh v. Soares*,

223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant

equitable tolling include "for example, when a prisoner is actually

innocent, when an adversary's conduct – or other uncontrollable

circumstances – prevents a prisoner from timely filing, or when a

prisoner actively pursues judicial remedies but files a deficient

pleading during the statutory period." *Gibson*, 232 F.3d at 808
(internal citations omitted). Likewise, misconduct or "egregious
behavior" by an attorney may warrant equitable tolling. *Holland v.
Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect
is not sufficient." *Gibson, id.*

Where a prisoner seeks equitable tolling on the ground of actual
innocence, the prisoner "must establish that, in light of new
evidence, "'it is more likely than not that no reasonable juror would
have found petitioner guilty beyond a reasonable doubt.'" *House v.
Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S.
298, 327 (1995)). The prisoner must come forward with "new reliable
evidence – whether it be exculpatory scientific evidence, trustworthy
eyewitness accounts, or critical physical evidence – that was not
presented at trial." *Schlup*, id. at 324.

## Application

Petitioner's appeal from the denial of his motion to withdraw
was decided on October 3, 2013, and review was denied by the Kansas
Supreme Court on August 14, 2014. *State v. Reynolds*, 311 P.3d 1167
(Table), 2013 WL 5870037 (Kan. App. Oct. 25, 2013). Assuming that this
ruling may be treated as a direct appeal, petitioner then had ninety
days to seek review in the U.S. Supreme Court. That period ran from
August 15, 2014, through November 12, 2014, and the one-year habeas
limitation period began to run on November 13, 2014. Because it does
not appear that any action by petitioner tolled the limitation period,
it expired one year later, before petitioner filed his motion to set

aside conviction on December 9, 2015.

Accordingly, to avoid the dismissal of this matter, petitioner must show cause why it should not be dismissed due to his failure to commence this action within the one-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **December 20, 2018,** to show cause why this matter should not be dismissed as time-barred. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 20th day of November, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge