IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BILLY J. REYNOLDS,**

                        **Petitioner,**

          **v.**                                    **CASE NO. 18-3091-SAC**

**KRISTI MILLER,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On November 20, 2018, the Court entered a Notice and Order to Show Cause (NOSC) to petitioner directing him to show cause why this matter should not be dismissed as time-barred. In the NOSC, the Court explained that the one-year limitation period that governs this matter began to run on November 13, 2014, and expired one year later, before petitioner filed his pro se motion to set aside conviction on December 9, 2015. Therefore, petitioner may proceed in this matter only if he is entitled to equitable tolling.

### Discussion

Equitable tolling is available only if a petitioner "show[s] specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(quotations omitted).

Petitioner's response first asserts that the state court violated his rights to due process and equal protection. He claims that the trial court adjudged him guilty without a supporting factual basis and states that he did not know what was happening to him. The Court rejects this claim.

The determination of fact by a state court is presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Kansas Court of Appeals found that during the plea hearing, the district court advised petitioner of his rights, explained the maximum penalty, and asked petitioner if he wished to give up his rights and enter a guilty plea, to which petitioner replied in the affirmative. *State v. Reynolds*, 404 P.3d 355 (Table), 2017 WL 4453229, *1 (Kan. Ct. App. Oct. 6, 2017). The Court finds no grounds to reject the findings by the state court and concludes petitioner is not entitled to equitable tolling on this claim.

Petitioner also alleges cites ineffective assistance by his appellate counsel, his difficulty in hearing, and his treatment for cancer. The record shows that after the petitioner's first appeal was dismissed, he proceeded with counsel in a second appeal from the denial of his motion to withdraw his guilty plea.[1] Because the Court calculated the limitation period from the second appeal, any claim of ineffective assistance arising from the first appeal is not grounds for equitable tolling. And, although the attorney named by petitioner represented him on appeal in a later, post-conviction action,[2] that matter was filed pro se after the limitation period expired and does not present any ground for equitable relief. In any event, the ineffective assistance of counsel during a collateral, post-conviction proceeding is not a ground for relief under 28 U.S.C. § 2254. 28 U.S.C. § 2254(i).

---

[1] *State v. Reynolds*, 31 P.3d 1167 (Table), 2013 WL 5870037 (Kan. Ct. App. Oct. 25, 2013), *rev. denied*, Aug. 14, 2014.
[2] *State v. Reynolds*, 404 P.3d 355 (Table), 2017 WL 4453229 (Kan. Ct. App. Oct. 6, 2017). This matter, characterized by the Kansas Court of Appeals as "a pro se motion to set aside his conviction", was filed "several years" after his guilty plea and was rejected by the state district court as untimely and successive.

Finally, although petitioner cites his hearing loss and medical treatment as reasons this matter should be allowed to proceed, he does not present any specific facts that show how these circumstances prevented him from timely filing his petition for habeas corpus.

**Conclusion**

The Court finds that petitioner has not shown grounds that warrant equitable tolling in this matter and concludes this matter must be dismissed as time-barred.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred.

IT IS FURTHER ORDERED no certificate of appealability will issue in this matter.

**IT IS SO ORDERED.**

DATED: This 20th day of August, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge