# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BILLY J. REYNOLDS,

        Petitioner,

v.                                           CASE NO. 18-3091-SAC

KRISTI MILLER,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a habeas corpus petition filed under 28 U.S.C. § 2254. The Court dismissed this action in August 2019 on the ground that petitioner failed to file the petition within the one-year limitation period under 28 U.S.C. § 2244. It now comes before the Court on petitioner's motion for reconsideration.

### Discussion

Under Rule 7.3 of the rules of the District of Kansas, "parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3. A motion for reconsideration may be construed as a motion to alter or amend the judgment under Rule 59(e) if filed within 28 days after the entry of judgment. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Relief under Rule 59(e) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). A motion to alter or amend judgment is appropriate where the "court has

misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000). It should not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Petitioner's motion was filed within 28 days of the dismissal, and the Court construes it as a motion filed under Rule 59(e). The motion lists a lengthy series of medical appointments and procedures undergone by petitioner between June 26, 2014, and May 28, 2019. Petitioner also states that he was appointed counsel in October 2016, and he states that counsel failed to file any documents.

As set out in the order of dismissal, the one-year limitation period began to run on November 13, 2014. During that one-year period, plaintiff underwent treatment for cardiac and eye conditions and had surgery to remove an ear. However, he took no action to pursue habeas corpus relief during that time.

The one-year limitation period for filing "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking such tolling must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted). Equitable tolling is available only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(quotations omitted). A petitioner seeking equitable tolling has a "'strong burden to show specific facts.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(citations omitted).

Here, petitioner's motion for reconsideration identifies several health-related events that occurred during the one-year

limitation period. However, he has not shown that he diligently pursued his rights during that time. While his medical treatment and the transfers between facilities he underwent during that period no doubt were disruptive, it remains that he took no action at all during that period.[1] The Court concludes he has not shown error in the denial of equitable tolling.

Next, petitioner claims his appointed counsel failed to file any documents. Because that counsel was appointed on October 17, 2016 (Doc. 7, p. 3, par. 44), his appointment was after the expiration of the limitation period and cannot support equitable tolling. The Court will deny the motion to alter or amend judgment.

Finally, the Court notes that petitioner ends his motion with the statement, "Petitioner asks this court to reconsider this petition, or at least to allow him the opportunity to appeal." (Doc. 7, p. 4). Reading this liberally, the Court construes this portion of the motion as a notice of appeal and will direct the clerk of the court to process this pleading as including a notice of appeal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration is construed as a motion to alter or amend judgment and is denied. No certificate of appealability will issue.

IT IS FURTHER ORDERED the clerk of the court shall note petitioner's request for appeal on the docket and shall process this matter accordingly.

**IT IS SO ORDERED.**

DATED: This 12th day of February, 2020, at Topeka, Kansas.

---

[1] The record shows that the Kansas Supreme Court denied review in petitioner's appeal on August 14, 2014, and that petitioner filed a motion to set aside the conviction on December 9, 2015.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge